UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Manni Muhammad Rahman,                      Case No. 3:16-cv-02484

    Plaintiff

v.                                          MEMORANDUM OPINION
                                            AND ORDER

Ms. Hanson, et al.,

    Defendants


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Manni Muhammad Rahman filed this action under 42 U.S.C. § 1983 against Marion Correctional Institution ("MCI") Mail Room Employee Ms. Hanson, Ms. P. Shaw, Mr. R. Smith, Lieutenant Brewer, Mr. Bunting, Mr. Simms, Ms. Wampler, Mr. Strayer, Lieutenant Thomas, and Ms. McBride. In the Complaint, Plaintiff alleges he was not permitted to receive pictures of nude women he ordered through the mail. He contends this has subjected him to cruel and unusual punishment and amounts to discrimination on the basis of gender. He seeks injunctive relief.

Plaintiff is currently an inmate in the Toledo Correctional Institution ("ToCI"). At the time the incidents giving rise to this Complaint occurred, he was incarcerated at MCI. From April 2016 until he was transferred to ToCI, Plaintiff ordered from a company in Texas at least 97 photographs depicting nude women. Hanson confiscated the photographs pursuant to Administrative Regulation 5120-9-19, stating that they contained prohibited images. She also highlighted portions of the policy

prohibiting inmates from receiving sexually explicit photographs.  At least one prison official expressed concern that the sheer number of photographs ordered by Plaintiff suggests he may be marketing them to other inmates.  Plaintiff disagrees with Hanson's interpretation of the policy claiming that the term photographs refers to snapshots from spouses or girlfriends and not photographs taken by a commercial photographer.  He claims that Hanson is harassing him by repeatedly confiscating his photographs, which subjects him to cruel and unusual punishment.  He also claims he is the victim of gender discrimination.  He asks me to stop Hanson from confiscating photographs from inmates at MCI.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

2

pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff lists ten Defendants but identifies only Hanson in the Complaint. There are no allegations against any of the other Defendants. Plaintiff cannot establish the individual liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Because the Complaint does not contain any allegations connecting Shaw, Smith, Brewer, Bunting, Simms, Wampler, Strayer, Thomas, or McBride to Plaintiff's claims for relief, they are dismissed from this action.

In addition, Plaintiff seeks only injunctive relief. A prisoner's claim for injunctive relief becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff was transferred from MCI to ToCI where he is currently incarcerated. His claim for injunctive relief is moot.

To the extent Plaintiff may also be seeking monetary damages; he fails to state a claim upon which relief may be granted. He first contends Hanson's actions are harassing and amount to cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

3

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff does not satisfy the objective component of an Eighth Amendment claim. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). The lack of pornographic material in prison does not create a condition "intolerable for prison confinement." *Id.* It is, at best, an inconvenience, which is not barred by the Eighth Amendment. *Ivey*, 832 F.2d at 954.

Plaintiff also claims Hanson is discriminating against him on the basis of gender. The Equal Protection Clause prohibits discrimination by government actors, which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty.*

4

*Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

In this case, Plaintiff claims Hanson is discriminating against him on the basis of his gender. To state a claim for equal protection on the basis of gender, Plaintiff would have to demonstrate that Hanson was providing more favorable treatment to female prisoners. He, however, has not alleged facts to suggest this is the case. Indeed, MCI is a male prison. There is no indication there are female prisoners housed at MCI. Furthermore, the regulation at issue specifically lists material that depicts male as well as female images. Plaintiff fails to allege facts to suggest Hanson is discriminating against him on the basis of his gender.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge